Case 2:21-mj-01347-CRE   Document 1-2   Filed

Case: 1:21−mj−00490
Assigned To : Meriweather, Robin M.
Assign. Date : 6/22/2021
Description: Complaint w/ Arrest Warrant

# STATEMENT OF FACTS

1. Your affiant, Ryan Alexander, is a Special Agent with the Federal Bureau of Investigation ("FBI"). I am assigned to a Joint Terrorism Task Force ("JTTF") with the FBI Pittsburgh Division in Pittsburgh, PA. I am tasked with investigating criminal activity in and around the United States Capitol ("Capitol") grounds in Washington, DC on January 6, 2021. I have served as a Special Agent since 2010. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of violations of Federal criminal laws.

2. The Capitol is secured 24 hours a day by United States Capitol Police. Restrictions around the Capitol include permanent and temporary security barriers and posts manned by Capitol Police. Only authorized persons with appropriate identification are allowed access inside the Capitol. On January 6, 2021, the exterior plaza of the Capitol was closed to members of the public.

### *Incursion at the U.S. Capitol on January 6, 2021*

3. On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

4. As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

5. At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

6. Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

7.      During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

### *Evidence Linking PERRETTA to Assault on the Capitol*

8.      Among the images of individuals who entered the U.S. Capitol without authority to enter and remain on the premises was an individual dressed in black clothing with a black baseball-style hat with white writing.  Through FBI's investigation as detailed below, that individual was determined to be NICHOLAS J. PERRETTA ("PERRETTA"), a resident of the Western District of Pennsylvania.

**A. Video**

9.      Following the events at the U.S. Capitol on January 6, 2021, FBI employees have conducted a review of surveillance camera footage obtained from security cameras located inside the U.S. Capitol Building.  In the course of this review, an individual matching the description of and known images of PERRETTA can be seen walking throughout multiple locations inside the Capitol with another individual.[1]  The following does not represent an exhaustive analysis of all available surveillance footage, but rather a summary of PERRETTA's movement through the U.S. Capitol building.

---

[1] The other individual has been identified as MITHCELL PAUL VUKICH.  VUKICH is also a resident of the Western District of Pennsylvania and has been charged via Complaint in the District of Columbia (Case No. 21-mj-476).



East Corridor
Approximately 2:19pm
Individual matching the description of PERRETTA (left) wearing a black cap.



Gallery West
Approximately 2:25pm
Individual matching the description of PERRETTA (rear-ground) seen looking at paperwork that he appears to have picked up from inside the U.S. Capitol.

B. <u>Co-conspirator Statements</u>

10. On April 26, 2021, after receiving multiple tips implicating VUKICH as a possible participant in the civil unrest at the U.S. Capitol on January 6, 2021, Special Agents of the Las Vegas Division of the FBI conducted an interview of VUKICH while he was traveling through the Las Vegas Airport. Among other things, during the interview, VUKICH was shown multiple still

photographs taken from Capitol Security Cameras during the events of January 6, 2021. VUKICH admitted that he was the individual depicted in those images in the photos wearing goggles on his head and a distinctive T-shirt with white writing. (VUKICH circled in yellow below). Moreover, VUKICH affirmatively identified the second individual wearing the black clothes and baseball cap as NICHOLAS J. PERRETTA. (PERRETTA circled in red below).





### C. Admissions

11.　On June 8, 2021, Special Agents of the Pittsburgh Division of the FBI conducted an interview of PERRETTA at his residence. Among other things, during the interview, PERRETTA was shown multiple still images taken from U.S. Capitol Security Cameras during the events of January 6, 2021. PERRETTA affirmed that he was the individual depicted in those images in the photos wearing a black baseball hat on his head. He admitted to being present in the U.S. Capitol during the events of January 6, 2021 and affirmed that VUKICH was the other

individual depicted in the images with him. (PERRETTA circled in red and VUKICH circled in yellow below).



12. PERRETTA further explained to FBI agents that he had traveled to Washington, D.C., on January 6, 2021, with his friend, VUKICH. After attending a speech by President Trump on the National Mall, PERRETTA began to walk towards the U.S. Capitol and eventually entered the Capitol building and grounds. In the process, PERRETTA described seeing individuals bypass barriers and police officers, witnessed flashbangs and tear gas, was tear-gassed himself, and saw someone in the crowd push an officer down before walking up the steps of the U.S. Capitol. PERRETTA further admitted that he and VUKICH took papers from the interior of the Capitol, which he described as three-month-old congressional papers, that they later threw away outside of the Capitol. Finally, PERRETTA claimed that he believed that the U.S. Capitol was open to the general public.

13.     Based on the aforementioned evidence, there is probable cause to believe that PERRETTA was present inside the Capitol on January 6, 2021, during the riot and related offenses that occurred at the U.S. Capitol Building, located at 1 First Street, NW, Washington, D.C., 20510 at latitude 38.88997 and longitude -77.00906 on January 6, 2021 and participated in the obstruction of the Congressional proceedings.

14.     Accordingly, your affiant submits that there is probable cause to believe that PERRETTA violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

15.     Your affiant submits there is also probable cause to believe that PERRETTA violated 18 U.S.C. § 641, which makes it a crime to steal property of the United States, namely congressional documents, valued at $1000 or less.

16.     Your affiant submits there is also probable cause to believe that PERRETTA violated 40 U.S.C. § 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

RYAN ALEXANDER
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 22 day of June, 2021.

_____
Robin M. Meriweather
U.S. MAGISTRATE JUDGE